NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLADYS T. GREENGRASS, | Civil Action No.: 16-4105 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| PROVIDENT BANK, | |
| Defendant. | |

**CECCHI, District Judge.**

Before the Court is the motion of Defendant Provident Bank ("Defendant") to dismiss the Complaint of Plaintiff Gladys T. Greengrass ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 9. Plaintiff, proceeding *pro se* and *in forma pauperis*, has not filed any response to the motion, and opposition was due by December 20, 2016. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. It appearing:

1. Defendant employed Plaintiff as a telephone agent in Iselin, New Jersey. ECF No. 1 at 12. Plaintiff was hired on March 19, 2015 and terminated on April 24, 2015. *Id.*

2. On July 8, 2016, Plaintiff filed the complaint alleging age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"). ECF No. 1. On December 6, 2016, Defendant filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 9.

3. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff failed to set

forth sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, legal conclusions are not entitled to the same assumption of truth, and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted). The Complaint must contain "'enough factual matter (taken as true) to suggest' the required element." *Phillips v. Cty. of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 550 U.S. at 556).

4. Because Plaintiff proceeds *pro se*, the Court must construe her pleadings liberally and apply the applicable law, irrespective of whether she has mentioned it by name. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). The Court is required to accept a *pro se* plaintiff's well-pleaded factual allegations as true while drawing reasonable inferences in his or her favor. *Capogrosso v. Sup.Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). However, a *pro se* complaint must still contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Franklin v. GMAC Mortg.*, 523 Fed. App'x 172, 173 (3d Cir. 2013). If a complaint

is vulnerable to dismissal, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d at 236 (3d Cir. 2008). If the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response," the Court may direct Plaintiff to provide a more definite statement. Fed. R. Civ. P. 12(e).

5. Although Plaintiff has failed to oppose Defendant's motion to dismiss, the Court will nevertheless examine the merits of her claims before dismissing the Complaint. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Estate of Casella v. Hartford Life Ins. Co.*, No. 09-2306-MLC, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009), *as amended* (Sept. 11, 2009).

6. The ADEA prohibits an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). "To prevail on an ADEA termination claim, a plaintiff must show that his or her age 'actually motivated' and 'had a determinative influence on' the employer's decision to fire him or her." *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002). An ADEA plaintiff can meet this burden by presenting direct or indirect evidence of discrimination. Because Plaintiff has not provided direct evidence of discrimination, the Supreme Court's *McDonnell Douglas* burden shifting analysis governs her claim.[1] *Burton v. Teleflex, Inc.*, 707 F.3d 417, 425–

---

[1] "Direct evidence means evidence sufficient to allow the jury to find that the decision makers placed substantial negative reliance on the plaintiff's age in reaching their decision to fire him." *Id.* at 338 (internal quotation marks and citations omitted). Plaintiff's stand-

3

26 (3d Cir. 2013) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973)). Under this, the plaintiff must first establish, "by a preponderance of the evidence," a *prima facie* employment discrimination case. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

7. A *prima facie* ADEA case requires a plaintiff to plead four elements: (1) "she is forty years of age or older"; (2) "the defendant took an adverse employment action against her"; (3) "she was qualified for the position in question"; and (4) "she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." *Burton v. Teleflex*, 707 F.3d at 426; *see also Kassem v. Walgreens Corp.*, No. 12-06132 SRC, 2014 WL 3396489, at *3 (D.N.J. July 10, 2014), *aff'd*, 608 F. App'x 90 (3d Cir. 2015).

8. The Court finds Plaintiff has failed to plead the third and fourth required elements of the *prima facie* case. As to the third element, it is unclear on the fact of the complaint what the requirements were for her position and whether Plaintiff was qualified. As to the fourth element, Plaintiff alleges that she was being trained alongside two younger co-workers. *Id.* at 3. Plaintiff alleges that the younger co-workers were allowed to finish training whereas she was terminated. *Id.* Plaintiff does not assert that these two co-workers were in training to replace her, or that they did replace her. It appears they were hired to perform the same job, but

---

alone assertion that her supervisor "made jokes" about Plaintiff "frowning" that made Plaintiff "feel very embarrassed" and feel that she was being "perceived as too old to be in training" is insufficient to constitute direct evidence of age discrimination. (ECF No. 1 at 17.) Therefore, Plaintiff has not proffered direct evidence of age discrimination in her employment.

4

Plaintiff fails to plead that her position was replaced at all. Therefore, Plaintiff has failed to allege the required element that a younger employee replaced her.

9. Accordingly, Plaintiff's complaint is be dismissed for failure to state a claim. However, in light of Plaintiff's *pro se* status, the Court is hesitant to dismiss Plaintiff's Complaint outright and will grant Plaintiff leave to amend.

For the foregoing reasons, **IT IS** on this 25th day of August, 2017:

**ORDERED** that Defendant's motion to dismiss pursuant to Rule 12(b)(6), ECF No. 9, is **GRANTED** without prejudice; and it is further

**ORDERED** that, to the extent the deficiencies in Plaintiff's claims can be cured by way of amendment, Plaintiff is granted thirty (30) days to reinstate this matter upon the filing of an Amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

*s/Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**